Emily Riccitelli, Appellee, v. Rose Sternfeld, Nathan Sternfeld, Harry Sternfeld, and Sidney Resnick, Trading as Sacramento Greasing Palace, Defendants.

On Appeal of Sidney Resnick, Appellant.

Gen. No. 45,804.

Opinion filed December 30, 1952. Released for publication January 28, 1953.

CROWE & ABRAHAMSON, of Chicago, for appellant; BURT A. CROWE, of Chicago, of counsel.

LOUIS G. DAVIDSON, BENJAMIN BASS, and LOUIS P. MILLER, all of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is a personal injury suit in which plaintiff obtained a verdict and judgment for $7,500 against defendant Sidney Resnick, who was lessee of an oil and gas filling station at the southeast corner of Sacramento and Harrison Streets, Chicago. On the morning of January 9, 1948, plaintiff slipped on a piece of ice on the sidewalk adjoining defendant's premises and sustained injuries, the nature and extent of which are not in dispute. There had been a heavy snowfall on January 1st, and snow fell again on the 4th. The period between January 1st and January 9th appears from the evidence to have been one of freeze and thaw. The snow melted during the day, water trickled onto the sidewalk, and as it grew colder at night, the water froze. After the heavy snowfall, defendant's employees cleaned off a portion of the driveway leading to its gas pumps on its own private property and also dug a narrow path through the snow on the sidewalk. The snow from the sidewalk was banked on either side of the walk, and some snow shoveled from the driveway was also placed upon the piles so banked. It is plaintiff's position that this created an extra hazard; that as the thaws came, lumps of snow rolled down from the snow mounds onto the narrow pathway and froze. There is, of course, no direct testimony that the lump of ice upon which plaintiff fell came from mounds

64

of snow piled by defendant, but that was an inference drawn from the circumstances.

██ The law of the case is not in substantial dispute. It is conceded by both sides that a property owner is under no obligation to clear the sidewalks adjoining his premises. It is also conceded that where accumulations of snow and ice result from natural causes, there is no liability for injuries sustained by pedestrians. The only basis upon which defendant can be held liable in such a situation is in the commission of a positive negligent act which enhances the danger existing from natural causes. This is best illustrated by the case of *King v. Swanson,* 216 Ill. App. 294. There, plaintiff slipped on ice on a sidewalk adjoining defendant's premises. Defendant had dragged laundry baskets across a stretch of the sidewalk, packing the snow at that spot, causing ice to form, and making that portion of the sidewalk where plaintiff fell, especially slippery and dangerous. The court held that the slippery condition had not resulted from natural causes, but was artificially created by the practice of the defendant. On the other side, a case illustrative of exemption from liability is *Miklaszewski v. City of Chicago,* 194 Ill. App. 614. There, after a snowstorm the city piled snow on a vacant lot. The snow melted and ran over onto the sidewalk and froze. It was held that there was no liability. In *Graham v. City of Chicago,* 346 Ill. 638 (aff'g 260 Ill. App. 590) the city flooded a playground for skating. Some of the water overflowed onto the sidewalk and froze. Plaintiff slipped and was injured. The city was held liable. The court reviewed the various cases with respect to liability of the city, saying (p. 643):

". . . the reason which underlies the rule exempting cities from liability because of damages from slippery ice is that of necessity. It is grounded on the fact

that it is unreasonable to compel a city to expend the money and perform the labor necessary to keep its walks reasonably free from ice and snow during the winter months. Especially is it true in this latitude. But the rule must be predicated on the formation of ice from natural causes, for it would be neither unreasonable . . . to compel the removal of ice from sidewalks which was produced by artificial causes.''

In *Calhoun v. Corning*, 328 Ill. App. 493, plaintiff sued the adjacent property owner for personal injuries sustained from a fall on an icy sidewalk. It was claimed that the injuries resulted from the faulty construction of the walk which had enhanced the danger of the icy condition. The court held defendant was not liable, saying (p. 496):

''It is plain that plaintiff seeks to avoid the rule which would exempt the City as well as defendant here from responsibility for accidents resulting from a general, natural condition of ice and snow. He contends the construction and maintenance of a dangerous driveway and the snow and ice conjoin to remove this case from the rule. The general condition of ice and snow covered perfect and faulty construction alike. If the driveway was faultily constructed or maintained so as to create a dangerous condition, it is for that reason that defendant would be liable, not because of the snowy and icy condition.''

Heavy snowfalls create emergency conditions and a generally hazardous situation throughout this city. There have been occasions in which the entire citizenry has been mobilized to make paths along sidewalks and to clear streets for traffic. In the urgency of clearing a path and of making way for the renewal of normal traffic, both property owners and the city do their best to find a place for snow. No one can live through win-

66

ters in this latitude without recalling the piles of snow banked on either side of the walks even in the busiest portions of the city, sometimes staying through the spring months, with lumps of ice often falling onto the cleared portion of the sidewalks. In one sense, a dangerous situation is created, but much less dangerous than would be created if no one undertook to do anything. Plaintiff argues that if defendant had not undertaken to clear a path and if his employees had not piled up the snow, conditions would have been better than they were at the time of the accident. This is conjectural. The general assumption is that the industry displayed by citizens removing snow after a snowfall is desirable, if not necessary. The water which froze and produced the lump of ice on which plaintiff fell, came from natural causes. It cannot be said to have arisen from anything defendant did, other than removing the snow obstructing his driveway and making a path on the sidewalk for pedestrians. That in so doing he may have piled some snow from the driveway onto the piles banked along the walk is not the type of act upon which liability in a case of this character may be predicated.

Judgment reversed.

*Reversed.*

ROBSON, P. J. and TUOHY, J., concur.