(No. 32783.—

EMILY RICCITELLI, Appellant, *vs.* ROSE STERNFELD *et al.,* Appellees.

*Opinion filed September 24, 1953—Rehearing denied Nov. 16, 1953.*

JOSEPH D. RYAN, LOUIS G. DAVIDSON, BENJAMIN BASS, and LOUIS P. MILLER, all of Chicago, for appellant.

CROWE & ABRAHAMSON, of Chicago, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from the Appellate Court, First District, which reversed a jury verdict and judgment in the superior court of Cook County in the amount of $7500 in favor of the appellant, Emily Riccitelli, for personal injuries suffered when she slipped and fell on the sidewalk bordering the filling station owned by the appellees Sternfeld and leased from them by the appellee Resnick.

The accident in question occurred on the sidewalk bordering the gas-and-oil filling station at the southeast corner of Sacramento and Harrison Streets in the city of Chicago on January 9, 1948. The appellant, while walking with her daughter, slipped and fell on a piece of ice or snow which was the result of extremely heavy snowfalls occurring during that period of time in that year. While the pictures offered in evidence by both parties do not portray the locale at the time of the accident, they do show the site to be a typical metropolitan corner with sidewalks in immediate juxtaposition with the streets.

The facts are not substantially in dispute. There had been heavy snowfalls on January 1 with a subsequent fall on January 4. From the fourth to the ninth there were alternate periods of freezing and thawing. It appears that after the snowfalls on the first and the fourth the city sent its snowplows along the streets banking the snow up over the curbings on the side. The defendant Resnick and his employees dug out the driveways of the gas station and then shoveled a path through the snow on the walks, banking the snow on each side of the walk with resulting piles of snow on each side of the path to a heighth of two to three feet. Snow shoveled from the driveways was also added to these banks of snow at the mouths of the driveways. The appellant, walking along the path so shoveled, slipped and fell and suffered injuries to her ankle, the extent of which is not in dispute.

The theories of the parties involve a consideration of the law as applied to the particular circumstances surrounding the scene of the accident. It is the position of the appellant that the shoveling of snow from the driveways onto the piles of snow created by shoveling the walks produced an extra hazard whereby the defendants became responsible for any injuries resulting from ice or snow formed by the alternate freezing and thawing or from falling from the tops of the piles on the sidewalks. The

position of the defendants is that no obstruction was created by the shoveling of the snow; that the defendants shoveled and cleared the walks and piled no snow thereon and, therefore, under the theory of *Cronin* v. *Brownlie,* 348 Ill. App. 448, could not be guilty of negligence because they were performing only a mere gratuity and had no duty towards the plaintiff.

From the testimony it appears that the street and the sidewalks had been cleared of snow. Due to the heavy snowfalls there was more than the usual amount of snow and it accumulated as it was cleared. The condition of the area as viewed in the photographs offered in evidence indicates that in this municipal corner there were no parkings on which the snow could be shoveled. As a result the snow was banked on both sides of a path which the defendants shoveled for pedestrian use. The plaintiff stated that although there were piles of snow on both sides of the walk there was a path of several feet in the middle of the walk where the walk was clear and clean although ice had formed. Other witnesses stated that the defendants had cleaned the walk and that the walk was clear except for ice which, the record shows, was the result of alternate freezes and thawings during the course of time subsequent to the snowfalls.

The Appellate Court, in a well-considered opinion, determined the cause in favor of the defendants, reversing the trial court, on a careful consideration of the law as it exists in our State in both Appellate Court decisions as well as our own. Both sides concede that a property owner is under no obligation to clear the snow from sidewalks adjoining his premises. It is also conceded that where accumulations of snow and ice result from natural causes there is no liability of the property owner for injuries sustained by pedestrians who are thereby injured.

The Appellate Court, after reviewing the cases, pointed out that heavy snowfalls in large cities create emergency conditions which make snow disposal a problem. Both

property owners as well as the municipality encounter difficulties in finding places for snow removed from public thoroughfares. The exhibits, portraying the proximity of street to sidewalk at the corner in question here, graphically portray the problems encountered. As a result of his efforts to clear the way the defendant has now been charged with negligence.

The agreement of the parties as to the law of the case arises from the distinctions raised in cases such as *Graham v. City of Chicago,* 346 Ill. 638. In that case the liability of the city for damages resulting from an overflow of water from the flooding of a skating rink was affirmed, but this court pointed out that liability must rest on the distinction as to whether or not the snow or ice causing the injury resulted from natural causes. To bring the defendant within this rule the plaintiff has argued that adding snow from his place of business to the piles of snow created by shoveling the walks has produced an artificial as opposed to a natural hazard which, in turn, has created a liability.

With this contention we cannot agree. The defendant displayed zeal in cleaning his walks. He also cleared the area about his place of business. Due to the character of the neighborhood in which both he and the plaintiff resided he had no place to carry the snow except on piles which had been created by the clearing of the walks. In so doing he did not place the snow on the sidewalk. Due to the vagaries of nature at the time of the year, alternate thawings and freezing caused snow to melt and run down on the walk where it again froze. Evidence indicates that when this happened the defendant placed rock salt on it in an effort to make the way safer for pedestrians including the plaintiff. Whether or not the snow which melted to form the ice on which plaintiff slipped came from snow which had been shoveled off the walk or snow which had been removed from plaintiff's driveway no one can say. Suffice it to say, that to form the ice in question the snow

had to melt and run from piles which had been banked during a snow-removal operation. This ice could have been formed by the snow which the city pushed up over the curb from the street. Certainly, there is no showing of any act on the part of defendants which places upon them the liability for this injury.

As the Appellate Court so capably stated in its opinion: "The general assumption is that the industry displayed by citizens removing snow after a snowfall is desirable, if not necessary. The water which froze and produced the lump of ice on which plaintiff fell, came from natural causes. It cannot be said to have arisen from anything defendant did, other than removing the snow obstructing his driveway and making a path on the sidewalk for pedestrians. That in so doing he may have piled some snow from the driveway onto the piles banked along the walk is not the type of act upon which liability in a case of this character may be predicated." With this statement we agree.

*Judgment affirmed.*