Mary F. Jones, Plaintiff-Appellee, v. City of Rock Island, Illinois, a Municipal Corporation, Defendant-Appellant.

Gen. No. 68–39.

Third District.

November 22, 1968.

174

Bernard C. Gillman and Dorothea O'Dean, of Rock Island, for appellant.

Peter H. Lousberg, of Rock Island, for appellee.

ALLOY, P. J.

This cause arises by reason of an action filed by Plaintiff, Mary F. Jones, against defendant, City of Rock Island, Illinois, charging negligence in an injury to plaintiff on January 17, 1967, when plaintiff fell in the street at the northwest corner of 11th Avenue and 7th Street in the City of Rock Island. Plaintiff alleged that ice had accumulated due to the fact that the curbing, gutter and adjacent sidewalk at the location were allegedly in a defective, broken, and dangerous condition. The cause was tried before a jury and the jury returned a verdict of guilty as against defendant and assessed plaintiff's damages in the sum of $4,000. Judgment was entered on the verdict.

On appeal in this Court, defendant contends that the verdict is contrary to the manifest weight of the evidence and also that defendant, City of Rock Island, a local public entity, under the evidence in the case before us, could not be found liable as a matter of law under the provisions of chapter 85, §§ 3–102 and 3–105 of the Illinois Revised Statutes. The evidence disclosed that plaintiff fell on the street referred to, sustaining a fracture of her left ankle. It was shown that the city had resurfaced the street, but had not done any work on the sidewalk since 1959. Work on the street resurfacing was done by the city during the summer of 1963 but there was no inspection of the sidewalks, curbing or gutter, nor was any work done on the sidewalks or curb. While there was evidence of a cursory visual examination of the area at one time there was no specific evidence of a report of the condition of the sidewalk in question. The supervisional inspection was made by a city employee who got out of his automobile as he noted the location. Plaintiff testified that there was some ice

across the gutter and that she had to go over it. She said that when she stepped over it her right foot was on the curb. In doing so, her left foot went out from under her and she fell. She was wearing low-heeled boots. Where plaintiff tried to step to the sidewalk, the curbing dips low. Plaintiff had placed her foot on the upper part of the curbing where there were two levels of curbing. There was a crack in the curb, but plaintiff did not know whether she stepped on the crack of the curb. There had been rather heavy snow several days before the incident and there had been melting and refreezing of snow and ice. Plaintiff apparently sought to avoid ice which had accumulated because of the crack in the curb and was stepping up on the curb to avoid the ice. As she put her foot up she fell.

█ Both parties to this cause recognize that a municipality may become liable for unnatural accumulations of ice or snow by reason of a defect in the sidewalk (Graham v. City of Chicago, 346 Ill 638, 643, 178 NE 911). In the Graham case, the court indicated that there is no more cause for excusing a city from liability where damages have accrued from ice which has formed on a sidewalk in an unnatural way, than there is to excuse it from damages when a walk has been permitted to become defective from any other cause. In that case the court held the city liable for permitting water, which overflowed from a skating park, to freeze on the sidewalk and remain there for a long period of time. This was deemed to be an unnatural, artificial accumulation. This principle of responsibility for injuries resulting from an unnatural accumulation which comes by reason of a defect in a street or sidewalk and thus creates a dangerous condition has been announced in many courts of this State (Cronin v. Brownlie, 348 Ill App 448, 109 NE2d 352; Loyd v. East St. Louis, 235 Ill App 353). Where the city permits a sidewalk to become defective and ice and snow is thereby accumulated, the accumula-

tion does not result from a natural condition but from a negligent omission on part of the city.

In the cause before us, the jury was justified in finding from the evidence that there was an accumulation of ice both in the gutter at the location and upon the sidewalk where plaintiff was attempting to step from the gutter, the curbing was in a broken condition and there was a difference in grade between the curbing and the sidewalk adjacent to the curbing. From the evidence offered by plaintiff, she noted that there was ice in the gutter and there was no ice on the curbing. There was ice on the low spot on the sidewalk adjacent to the curbing. Plaintiff, on the basis of her testimony, was trying to avoid the ice on the sidewalk which had accumulated in the low spot. She stated that when she saw the ice on the sidewalk she was trying to avoid that ice and in so doing she fell. The record shows that the curbing, the gutter and the sidewalk were in a broken and uneven condition. There was evidence from one of the municipal representatives who testified that if he had seen the condition of the location he would have had to report the condition to the city's engineering department. On the basis of the record, therefore, the jury was justified in drawing the inference or conclusion that the drainage from the uneven condition of the sidewalk would be toward the sidewalk and curbing junctions. Because of the low level of the sidewalk where it met the curbing, water could accumulate there and freeze. This would, therefore, be an artificial accumulation of ice creating an unreasonable condition (if the jury so found), in conjunction with the broken character of the curbing and sidewalk and the difference in levels at the particular location.

■ ■ Notice to a city has always been required. Such notice of the dangerous condition may be actual or constructive. If the condition existed for such a

length of time that public authorities, by the exercise of reasonable care and diligence, might have known of the condition, then actual notice is not required, but the municipality is deemed to have constructive notice of the condition (Baker v. City of Granite City, 311 Ill App 586, 37 NE2d 372; City of Ottawa v. Hayne, 114 Ill App 21). Under such circumstances it is a question of fact for the jury to determine, whether the city had notice of the defect. The sidewalk condition referred to in this opinion had existed apparently since 1959. When the street had been resurfaced at the intersection adjacent to the sidewalk, no inspection was made of the sidewalk, curbing or gutter at that time. There was, therefore, sufficient evidence in the record to submit the issue of whether or not the city had notice, actual or constructive, to the jury.

■ Another issue which is specifically raised is whether the circumstance that plaintiff did not slip on the ice on the sidewalk which accumulated by reason of the unnatural condition, required a finding for the defendant. Plaintiff slipped while her foot was still on the gutter and her other foot was on the curbing. There was evidence that she was seeking to avoid the ice which had accumulated by reason of the defect. In Johnson v. City of Rockford, 35 Ill App2d 107, 182 NE2d 240, the city had created an obstruction on the sidewalk which caused the plaintiff to try to avoid the obstruction. Plaintiff was walking in the street as a result of the obstruction and was struck by an automobile. He walked in the street by reason of the fact that the adjacent sidewalk was obstructed by an ice bank of snow. The snow had been piled there by an abutting property owner and had remained there for a long period of time. It was the contention of the city in that case that plaintiff was not injured as a proximate result of the obstruction on the sidewalk, but rather, because of the conduct of the mo-

179

torist who struck plaintiff. The court held that plaintiff's complaint stated a cause of action as against the city and stated that the question of proximate cause could be determined by the jury. In that case the court stated (at pages 119–120) :

"We are inclined to adopt the rule . . . which holds that causes of an injury may be so commingled in a single act as to make the causes concurrent proximate causes. It is our opinion that all reasonable men and all reasonable minds may not agree on the issues of proximate cause and contributory negligence as alleged in plaintiff's amended complaint, therefore, it would not be proper for the trial court or this court to substitute its judgment for that of a jury. Whether or not the piling of the snow and ice on the sidewalk and permitting it to remain there was the proximate cause or one of the proximate causes of the injury in question, we believe to be a question of fact to be determined by a jury, and to withdraw such question from its consideration is to usurp its function."

This conclusion is not unique in this State (Richmond v. City of Marseilles, 190 Ill App 227, 230–232). The courts of this State have concluded that a plaintiff could be guilty of contributory negligence where the plaintiff knowing of the icy condition nevertheless crossed on the ice (Ritgers v. City of Gillespie, 350 Ill App 485, 113 NE2d 215; Cronin v. Brownlie, 348 Ill App 448, 109 NE2d 352). Assuming the soundness of such rule, then certainly if a plaintiff uses due care to avoid the dangerous, icy condition, and is injured thereby, a jury may properly conclude that the municipality may be liable if it concludes that the circumstances make the dangerous icy condition a proximate cause of the injury (Richmond

v. City of Marseilles, 190 Ill App 227, 232). In the case before us, plaintiff apparently saw the icy condition. She may have recognized the risk and, in the exercise of due care, attempted to avoid it. The record, therefore, justified the submission of this cause to a jury for the purpose of determining whether the unnatural accumulation of ice was a proximate cause of the injury to plaintiff.

The contention of defendant, that the Act referred to as "Local Governmental and Government Employees Tort Immunity Act," (1967 Ill Rev Stats, c 85, § 1–101 et seq.) requires that the judgment be set aside, does not appear to be justified. The Act referred to, in most areas, has codified preexisting law expressed in decisions in this State. In the act it is provided that the city must use ordinary care to maintain its streets and sidewalks in reasonably safe condition; that persons using city property must exercise ordinary care; that the city must have actual or constructive notice of unsafe or dangerous condition; and that constructive notice would not exist if a reasonably adequate inspection, considering the cost and practicality of the system weighed against potential danger, would not have revealed the danger, or that the city operated such inspection system with due care and did not discover the condition. With respect to weather conditions, it is provided that there is no city liability for injury from the effects of weather on the use of streets and sidewalks, which would include ice or snow, but that weather conditions did not include physical damage or deterioration to streets and sidewalks resulting from weather conditions. All instructions based upon the statute requested by the city and instructions given to the jury apparently covered the theories asserted by defendant in the trial. No contention is made that the city was prevented from arguing

the reasonableness of its inspection system. The jury heard the evidence and the theories of the parties and was properly instructed on the law. There is nothing in the record which indicates that the city was prevented from presenting any theories or concepts which might have been embodied in the statute to which we have referred. Questions of fact were, therefore, raised for the jury to determine.

With respect to the contention that the verdict was contrary to the manifest weight of the evidence, we have indicated that this Court would not reverse nor would a trial court be justified in granting judgment notwithstanding the verdict, unless the evidence would appear so overwhelmingly in defendant's favor that no contrary verdict based on the evidence could ever stand (Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 510, 229 NE2d 504). The questions which were raised in this cause were obviously questions for the jury (Baker v. City of Granite City, 311 Ill App 586, 592 and 594, 37 NE2d 372; Johnson v. City of Rockford, 35 Ill App2d 107, 120, 182 NE2d 240).

Since we find no reversible error in the record, the judgment of the Circuit Court of Rock Island County will, therefore, be affirmed.

Affirmed.

STOUDER and CULBERTSON, JJ., concur.