(No. 6863— )

DOROTHY MIRELES, Claimant, *v.* STATE OF ILLINOIS,
Respondent.

*Opinion filed March 9, 1978.*

WILLIAM S. KECK, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL WEX-
LER, Special Assistant Attorney General, for Respon-
dent.

HOLDERMAN, J.

This action is based on a claim for injury to
Dorothy Mireles resulting from a fall occurring around
9:00 a.m. on November 30, 1971, in the parking lot at
the Illinois State Psychiatric Institute located at 1601
West Taylor Street, Chicago, Illinois.

While there to seek marriage counseling, she
claimed she stepped into a "crack or hole" in the park-
ing lot of the institute while attempting to avoid a
patch of ice. She suffered a fracture of the tibia and
fibula of the right leg. She identified on a photograph
where the hole was that she stepped into.

Claimant was a waitress whose loss salary and
tips totaled $1,950.00. Her net medical expenses were
$150.00. Dr. Belza, Claimant's physician, states "there
should be no impairment of function . . . however the
injury will probably leave a minimal bone deformity
without any manifestation on the external surface . . . "
Dr. Gleason in a joint exhibit, indicated no perma-
nency other than 11 degree flexion - extension of the
right ankle and a loss of 10 degree inversion of the right
foot as compared to the left. Both doctors said that she
could continue her normal activity.

Respondent argues that Claimant herself was negligent; that the State had no Notice of any so-called defective condition of the premises; and that the hole shown in the photograph was too small to impose a duty on the State to correct. Respondent cites *Walkowitz v. State, 29 Ill.Ct.Cl. 10; 28 Ill.Ct.Cl. 368, 373; Davis v. City of Chicago, 290 N.E.2d 250; and Arvidson v. City of Elmhurst, 11 Ill.2d 601.*

Claimant relies heavily on *Mary F. Jones v. City of Rockford, 101 Ill.App.2d, 174, 242 N.E.2d 302.* In that case, Claimant fell on a broken sidewalk curb and gutter of defendant when she stepped to avoid ice accumulated in the broken sidewalk. The jury awarded her $4,000.00. The Appellate Court refused to set the verdict aside, saying, "The questions which were raised in this case were obviously questions for the jury."

The case before this Court simply is a question of fact. If this were a jury trial, our judgment would affirm whatever verdict the jury would return. We cannot say as a matter of law in this case that the State was negligent nor as a matter of law that Claimant was free of contributory negligence, nor as a matter of law, the State had notice of the defect. However, we must in this instance act as a jury and give a judgment based on whatever we think the preponderance of the evidence proves.

In *Arvidson v. City of Elmhurst, 11 Ill.2d 601, 145 N.E.2d 105,* the Court said:

"The rule in Illinois, reiterated in the case law, is that a jury question on the issue of the city's negligence is presented only when the defect in the sidewalk is such that a reasonably prudent man should anticipate some danger to persons walking upon it." Citing *Walter v. City of Rockford, 332 Ill.App. 243, 74 N.E.2d 903.*

The *Arvidson* case sets forth in clear language the rule of law applicable to a situation where a person

falls on a defective sidewalk. One of the basic questions in determining liability is whether the sidewalk irregularity is too slight to impose a duty on the city to remedy. The Court said on *Page 106 of 145 N.E.2d:*

> "While Courts are in marked disagreements as to when the sidewalk irregularity or defect is so slight that the question is one of law, and where it is one of fact for the jury, nevertheless, the decisions recognize that no mathematical standard can be adopted in fixing the line of demarcation, and that each case must be determined upon its own particular facts and circumstances."

Whether a fact is proven or not is tested by the definition of "Burden of Proof" in *Illinois Pattern Jury Instructions*, No. 21.01. The test is whether a fact is "more probably true than not true," as shown by the evidence.

Viewing the pictures and considering the testimony of the Claimant, we find that she has sustained her burden of proof that she fell when she stepped in a hole while avoiding an icy patch; and that the defect was such that a reasonably prudent person should anticipate some danger to persons walking in the area.

We find Claimant is entitled to an award for the following:

| | |
|---|---|
| As to medial expenses, | $ 150.00 |
| As to lost wages, | $1,950.00 |
| As to injury, | $3,000.00 |

Claimant is hereby awarded $5,100.00.