ANTHONY D. BELLINO, Plaintiff-Appellant, v. THE VILLAGE OF LAKE IN THE HILLS, Defendant-Appellee (David P. Kuehn *et al.*, Defendants).

Second District No. 2—87—0596

Opinion filed March 9, 1988.—Rehearing denied April 6, 1988.

W. Randal Baudin, of Madsen, Baudin, Stolfi & Sugden, of Crystal Lake, for appellant.

David W. McArdle and Douglas E. Matthews, both of Zukowski, Rogers & Flood, of Crystal Lake, for appellee.

JUSTICE HOPF delivered the opinion of the court:

The plaintiff, Anthony Bellino, appeals from the order of the circuit court which dismissed his negligence claim, as a matter of law, against the defendant, Village of Lake in the Hills (village), based on sections 3—102 and 3—105 of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1985, ch. 85, pars. 3—102, 3—105). On appeal, the plaintiff contends that the circuit court erred when it concluded that those sections applied as a matter of law to preclude his claim against the village. For the reasons set forth below we affirm.

The following facts form the basis for this appeal. On August 21, 1986, the plaintiff filed a two-count complaint seeking monetary relief for property damage and injuries sustained in an automobile collision. In count I, against the village, the plaintiff alleged that on January 22, 1985, while operating his automobile southbound along Pine Street, he stopped his vehicle at an intersection, checked for traffic, and then slowly negotiated a left-hand turn. The complaint then alleged that as he turned, his line of vision became partially obstructed by snow mounds which the village had plowed on adjacent street corners. Finally, the complaint alleged that during the course of this left turn, the plaintiff's vehicle was struck by another vehicle driven by the defendant David Kuehn and owned by the defendant Kimberly Hembrey. (Subsequently, the plaintiff resolved count II, his claim against Kuehn and Hembrey, and entered a voluntary dismissal as to both on June 23, 1987.)

On December 16, 1986, the village filed a motion to dismiss which stated that sections 3—102 and 3—105 of the Act applied, as a matter of law, to bar its liability to the plaintiff as to allegations made in the complaint. On March 20, 1987, the court entered an order which found that the Act applied and dismissed the complaint, later issuing a letter opinion which set forth the legal basis of its order. On April 16, 1987, the plaintiff filed a notice of appeal. This court initially dismissed that appeal; because Kuehn and Hembrey remained as defendants in the litigation, all issues and controversies had not yet been resolved, and the trial court had not made the necessary finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). Subse-

quently, after a compromise with Kuehn and Hembrey resulted in the resolution of the previously unresolved controversies, the plaintiff filed a timely notice of appeal on June 23, 1987.

■ On appeal, the plaintiff maintains that the circuit court erred when it found that as a matter of law sections 3—102 and 3—105 of the Act precluded the village's liability. Specifically, the plaintiff maintains that the village negligently plowed and mounded snow at or near the intersection in such a way that its inordinate height and shape obstructed his view and otherwise created an unreasonably dangerous condition. It is the plaintiff's position that the trial court improperly dismissed his complaint as a matter of law, since not only is the village under an obligation to maintain its property in a reasonably safe condition pursuant to section 3—102 of the Act, but, in addition, a municipality may become liable for the unnatural accumulations of ice and snow, such as the snowbanks in the present case. We disagree.

Section 3—102(a) of the Act provides:

> "Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in sufficient time prior to an injury to have taken measures to remedy or protect against such condition." Ill. Rev. Stat. 1985, ch. 85, par. 3—102.

With respect to the "[e]xcept as otherwise provided" language in the previous section, section 3—105 of the Act provides in pertinent part:

> "Neither a local public entity nor a public employee is liable for an injury caused by the effect on the use of streets, highways, alleys, sidewalks or other public ways, or places of weather conditions as such. For the purpose of this section, the effect on the use of streets, highways, alleys, sidewalks or other public ways of weather conditions includes the effect of wind, rain, flood, ice or snow but does not include physical damage to or deterioration of streets, highways, alleys, sidewalks, or other public ways and place resulting from weather conditions." Ill. Rev. Stat. 1985, ch. 85, par. 3—105.

The issue presented in this appeal is whether piles of snow which

result in obstructed vision are considered: (1) an "effect of weather conditions;" (2) physical damage to or deterioration resulting therefrom; or (3) not a condition which is covered by the Act at all. We agree with the trial court that the statute does not contemplate a municipality's liability from ordinary snow removal efforts.

■■ ■ In the present case we note that the plaintiff does not claim that the village should have undertaken to remove the snow once placed; rather, the plaintiff claims that the village had "plowed snow on the adjacent street corners in such a negligent and careless fashion that the height was such and the shape of the snow mounds blocked the view of plaintiff and otherwise constituted an unreasonably dangerous hazard and condition." Our supreme court, however, has concluded that "piling snow," under such circumstances, does not result in municipal liability. (See *Riccitelli v. Sternfeld* (1953), 1 Ill. 2d 133, 115 N.E.2d 288, *aff'g* (1952), 349 Ill. App. 63, 109 N.E.2d 921.) At the outset we take note of plaintiff's attempt to distinguish *Riccitelli* on the basis that there the suit was against an individual, where here it is a municipality. We are of the opinion that they are for these purposes not distinguishable. This is substantiated by section 1—101.1(b) of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat., 1986 Supp., ch. 85, par. 1—101.1(b)): "Any defense or immunity, common law or statutory, available to any private person shall likewise be available to local public entities and public employees." In *Riccitelli*, the plaintiff slipped on a piece of ice on the sidewalk which adjoined premises, a gas station, leased to the defendant. A piece of ice had apparently fallen to the walk from a bank of snow and ice which the defendant had mounded to the other side when it cleared a path through the snow on the walk. The appellate court reversed the trial court's ruling for the plaintiff, and the Illinois Supreme Court affirmed that decision on appeal. The following passage from the appellate court opinion in *Riccitelli*, though somewhat lengthy, bears directly on the facts in the present case:

> "Heavy snowfalls create emergency conditions and a generally hazardous situation throughout this city. There have been occasions in which the entire citizenry has been mobilized to make paths along sidewalks and to clear streets for traffic. In the urgency of clearing a path and of making way for the renewal of normal traffic, both property owners and the city do their best to find a place for snow. No one can live through winters in this latitude without recalling the piles of snow banked on either side of the walks even in the busiest portions

of the city, sometimes staying through the spring months, with lumps of ice often falling onto the cleared portion of the sidewalks. In one sense, a dangerous situation is created, but much less dangerous than would be created if no one undertook to do anything. Plaintiff argues that if defendant had not undertaken to clear a path and if his employees had not piled up the snow, conditions would have been better than they were at the time of the accident. This is conjectural. The general assumption is that the industry displayed by citizens removing snow after a snowfall is desirable, if not necessary. *The water which froze and produced the lump of ice on which plaintiff fell, came from natural causes. It cannot be said to have arisen from anything defendant did, other than removing the snow obstructing his driveway* and making a path on the sidewalk for pedestrians. That in so doing he may have piled some snow from the driveway onto the piles banked along the walk is not the type of act upon which liability in a case of this character may be predicated." (Emphasis added.) 349 Ill. App. at 66-67, 109 N.E.2d at 922.

As the court noted in *Riccitelli*, a liability for damages must rest on the distinction as to whether the snow causing the injury or damage resulted from a natural or from an unnatural or artificial cause. (See *Graham v. City of Chicago* (1931), 346 Ill. 638, 643, 178 N.E. 911, 913 (court affirmed city's liability for damages resulting from the flooding overflow of a skating rink onto a sidewalk).) In this regard the plaintiff argues, citing *Jones v. City of Rock Island* (1968), 101 Ill. App. 2d 174, 242 N.E.2d 302, that the snow mounds are clearly an unnatural, rather than a natural, accumulation, for which the village may become liable. In *Jones*, however, the plaintiff alleged that she sustained injury as a result of a fall on ice which had accumulated due to the defective condition of curbing, gutter, and adjacent sidewalk. In affirming the trial court's entry of judgment for the plaintiff, the court stated: "Where the city permits a sidewalk to become defective and ice and snow is thereby accumulated, the accumulation does not result from a natural condition but from a negligent omission on the part of the city." (101 Ill. App. 2d at 177-78, 242 N.E.2d at 304.) Thus, inasmuch as the complaint in this case contains absolutely no allegations that there existed any defective roadway, sidewalk, or gutter, which would account for the vision-obstructing snow mounds, the plaintiff's reliance on *Jones* is misplaced. Indeed, as case law demonstrates, "unnatural accumulations," for which a municipality may become liable, refer to situations like *Jones* where a de-

fect exists in the roadway or as a result of unnatural circumstances. (See *Graham v. City of Chicago* (1931), 346 Ill. 638, 178 N.E. 911.) In contrast we believe the present case is more analogous to *Riccitelli v. Sternfeld* (1950), 349 Ill. App. 63, 109 N.E.2d 921, *aff'd* (1953), 1 Ill. 2d 133, 115 N.E.2d 288, where the appellate court determined that piles of snow created by snow removal efforts was not the type of act upon which liability in a case such as this should be predicated. *Riccitelli*, 349 Ill. App. at 67.

■ In our opinion, the trial court correctly granted the defendant's motion to dismiss the complaint as barred by sections 3—102 and 3—105 of the Act. The Act provides that a city must use ordinary care to maintain its streets and sidewalks in a reasonably safe condition; that persons who use city property must exercise ordinary care; that the city must have actual or constructive notice of unsafe or dangerous conditions; and that constructive notice would not exist if a reasonably adequate inspection, considering the cost and practicality of such a system, weighed against any potential danger, would not have revealed the danger, or that the city operated such an inspection system with due care and still failed to discover the condition. With respect to weather conditions, the Act further provides that a city is not liable for injury sustained due to the effects of weather on the use of streets and sidewalks, which would include ice and snow. Weather conditions, however, do not include physical damage to or deterioration to streets and sidewalks resulting from weather conditions. *Jones v. City of Rock Island* (1968), 101 Ill. App. 2d at 181-82, 242 N.E.2d at 305-06.

As noted, the plaintiff failed to allege any defects in the street. In addition the complaint failed to state any allegations, pursuant to section 3—102, of actual notice of the alleged unreasonably dangerous condition. With respect to constructive notice, the Illinois Supreme Court has recognized that the Act mandates that constructive notice does not exist if the condition " 'would not have been discovered by an inspection system that was reasonably adequate considering the practicability and cost of inspection weighed against the likelihood and magnitude of the potential danger.' " *Lansing v. County of McLean* (1978), 69 Ill. 2d 562, 573, 372 N.E.2d 822, 827; Ill. Rev. Stat. 1985, ch. 85, par. 3—102(b)(1).

■ Finally, we note that the plaintiff's reliance on *Johnson v. City of Rockford* (1962), 35 Ill. App. 2d 107, 182 N.E.2d 240, is misplaced. In *Johnson*, the plaintiff brought a negligence action against the city and a private party for injuries he had suffered when he was struck by an automobile while walking in the street. The plaintiff had

alleged that the private party's conduct in obstructing the sidewalk with snow and the city's conduct in allowing the obstruction to remain had proximately caused his injuries. According to the complaint the sidewalk was obstructed by a bank of ice and snow which the private party had piled on the sidewalk for a distance of 100 feet, rendering the sidewalk impassable. The complaint also alleged that the condition existed for a long period of time. In *Johnson*, the plaintiff had to walk in the street due to the obstructions on the sidewalk. The present complaint, however, contains no allegation that ice and snow rendered the street impassable to the general public or that the snowbank had been adjacent to the corner for any specific length of time. Therefore, as previously stated, at the very least, the plaintiff's complaint failed to allege notice. Furthermore, in *Johnson* the trial court granted the city's motion to dismiss on the ground that proximate cause did not exist. In the present case, the village's motion to dismiss is based on the ground that the Act provides tort immunity for injuries resulting from the "effects of the weather." Thus, the issue of proximate cause was not even relevant. In our opinion, the trial court properly found that section 3—105 preempts municipal liability where an alleged injury arises from the "effects of weather."

Accordingly, for the reasons set forth above, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

DUNN and UNVERZAGT, JJ., concur.