NANCY E. KIEL *et al.*, Plaintiffs-Appellees, v. THE CITY OF GIRARD, Defendant-Appellant.

Fourth District   No. 4—95—0136

Argued August 25, 1995.—Opinion filed August 30, 1995.—Rehearing denied September 26, 1995.

Paul W. Bloomer (argued), of Denby, Meno, Bloomer & Denby, of Carlinville, for appellant.

Edmond H. Rees (argued), of Brandenburg-Rees & Rees, of Carlinville, and James R. Benson, of Alton, for appellees.

JUSTICE COOK delivered the opinion of the court:

On January 5, 1991, plaintiff Nancy Kiel was attempting to enter her automobile when she slipped and fell on some snow that had been plowed onto the curb during the City of Girard's (City) street- and sidewalk-clearing operations. Plaintiff and her husband, Roy Kiel, brought suit against the City to recover damages for personal injuries sustained by plaintiff as a result of her fall. A jury found that the City was negligent in creating an unnatural accumulation of snow and awarded plaintiff $77,068.84 in damages less 50% for plaintiff's comparative negligence, amounting to a total award of $38,534.42. The City appeals, contending that (1) it was entitled to judgment as a matter of law, (2) the jury was improperly instructed, and (3) the jury's verdict was against the manifest weight of the evidence. We reverse.

Evidence at trial revealed that there was a snowstorm in Girard on the night of January 4, 1991. The following morning plaintiff and Roy drove to the City's business district to pay some bills. Plaintiff and Roy made three stops before going to the Ted Lay Real Estate Agency (Agency) to pay their rent.

Roy parked the automobile parallel to the curb in front of the Agency and plaintiff opened the passenger-side door to exit. Plaintiff noticed that, unlike the curbs at her three previous stops, the curb in front of the Agency had not been cleared of snow. Snow cleared from the sidewalk and the street had been piled over the curb. Various witnesses at trial estimated this pile as being anywhere from 3 to 12 inches deep and from 6 to 12 inches wide. Plaintiff crossed the pile by placing one foot in a footprint or depression in the snow, walked across the sidewalk, and entered the Agency. Roy waited in the car.

Plaintiff paid her rent and returned to the car. She realized that the snow was going to make it difficult to enter the car, so she placed one hand on the car to brace herself as she reached for the door handle. At that moment, she slipped and fractured her left tibia and ankle.

Ted Lay testified that earlier that morning the City had cleared the snow from the sidewalk in front of his office. City workers had pushed the snow off the sidewalk and onto the curb using a small tractor. Meanwhile, City snowplows had pushed snow from the street against the curb. Elsewhere in the City's business district the snow had been completely removed from the curb. However, in front of the Agency, snow from at least two previous snowfalls had been pushed against the curb and allowed to accumulate. Lay stated that later in the morning of January 5, 1991, City workers completely cleared the snow pile where plaintiff had fallen.

Ron Pierson, the City's street supervisor, and Mark Edwards, mayor of Girard, testified that it was City procedure to use tractors to push snow from the sidewalks of the business district. Snowplows would then collect the snow from curbside and deposit it in the park. Neither Pierson nor Edwards explained why the snow was not removed sooner from in front of the Agency. Edwards and Pierson testified that the City learned of plaintiff's fall approximately one week after it happened.

## I. WAS THE CITY ENTITLED TO JUDGMENT AS A MATTER OF LAW?

On appeal, the City contends that it was entitled to judgment as a matter of law because (1) plaintiff was found by the jury to be contributorily negligent; (2) plaintiff's injuries were caused by the "effect" of weather conditions, not by any defect in the City's street or sidewalk; and (3) the City's failure to remove all the snow during its snow-removal efforts cannot form the basis for liability. We disagree.

■ The City's argument that a plaintiff's contributory negligence bars any recovery against a municipal defendant under section 3—102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/3—102(a) (West 1992)) has been recently considered and rejected by our supreme court. *Wagner v. City of Chicago* (1995), 166 Ill. 2d 144, 651 N.E.2d 1120.

■ The City next argues that section 3—105(a) of the Act (745 ILCS 10/3—105(a) (West 1992)) immunizes the City from the effects of snow and other forms of bad weather unless the weather damages or causes the deterioration of public ways, and the damage or deterioration proximately causes an accident. Because there was no evidence of any defect in the street, sidewalk, or curbing where plaintiff fell, the City asserts it was immune from liability.

Section 3—105(a) provides, in pertinent part:

"Neither a local public entity nor a public employee is liable for an injury caused by the effect of weather conditions as such on the use of streets *** [or] sidewalks ***. For the purpose of this section, the effect of weather conditions as such includes but is not limited to the effect of wind, rain, flood, hail, ice or snow but does not include physical damage to or deterioration of streets *** [or] sidewalks *** resulting from weather conditions." 745 ILCS 10/3—105(a) (West 1992).

Under the City's reading of section 3—105(a), it could never be found liable for what it did with ice and snow on public ways as long as its streets and sidewalks were in good condition. We reject this in-

terpretation of the Act. First, we note that section 3—105(c) provides that nothing in section 3—105(a) relieves a local public entity of its duty to exercise ordinary care in the maintenance of its property. (745 ILCS 10/3—105(a), (c) (West 1992).) Second, our supreme court has held that section 3—105(a) codifies the judicially created rule that landowners (be they public or private) are free from a duty to remove the natural accumulation of snow and ice on their own property. (*Lansing v. County of McLean* (1978), 69 Ill. 2d 562, 571-72, 372 N.E.2d 822, 826-27.) Under the "natural accumulation rule," however, where a landowner negligently performs ice and snow removal, adding to or creating a new hazard, he may be liable for a resulting injury. (*Selby v. Danville Pepsi-Cola Bottling Co.* (1988), 169 Ill. App. 3d 427, 436, 523 N.E.2d 697, 701.) We hold that a public entity may be liable for unnatural accumulations of ice and snow, provided that the public entity has violated its duty to exercise ordinary care, even absent a showing that the underlying sidewalk or street was defective. See, *e.g.*, *Ide v. City of Evanston* (1994), 267 Ill. App. 3d 881, 642 N.E.2d 755 (jury verdict against City upheld where an unnatural accumulation of ice on the sidewalk caused plaintiff's injury, but nothing in the court's opinion indicates the sidewalk was defective).

The City next contends that it cannot be held liable simply because its snow-removal efforts failed to remove all the snow where plaintiff was injured. Although the negligent performance of a voluntary undertaking to remove snow and ice may form the basis of liability, the "mere removal of snow, which may leave a natural ice formation remaining on the premises does not of itself constitute negligence." (*Timmons v. Turski* (1981), 103 Ill. App. 3d 36, 38, 430 N.E.2d 1135, 1137.) However, the City's liability was premised not on its failure to remove all the snow, but on its act of piling snow where pedestrians were likely to walk. The City relies on *Riccitelli v. Sternfeld* (1953), 1 Ill. 2d 133, 115 N.E.2d 288, and *Bellino v. Village of Lake in the Hills* (1988), 166 Ill. App. 3d 702, 520 N.E.2d 1196, in support of the proposition that a defendant is not liable for snow left piled alongside cleared streets and sidewalks.

In *Riccitelli*, a gas station owner had cleared a path through the snow on his sidewalk, piling the snow on either side of the walk. The snow in the piles melted and the water ran onto the sidewalk, forming ice. Plaintiff slipped on the frozen runoff. The supreme court held that the frozen runoff was from "natural causes," and thus the gas station owner could not be held liable for piling snow alongside his sidewalk. (*Riccitelli*, 1 Ill. 2d at 137, 115 N.E.2d at 290.) The present case is distinguishable. Here, plaintiff's injuries were directly caused by the City's placement of snow curbside, not by the natural process of melting snow.

In *Bellino*, plaintiff alleged that the City of Evanston plowed snow into mounds that obstructed his view of traffic, causing him to be struck by another vehicle. The appellate court, relying on *Riccitelli* and section 3—105(a) of the Act, held that the snow mounds were natural accumulations, or "effects of the weather," and thus Evanston could not be held liable for the accident. (*Bellino*, 166 Ill. App. 3d at 709, 520 N.E.2d at 1200.) We reject *Bellino*'s analysis. The snow mounds were man-made, not natural. Injuries caused by unnatural accumulations of piled snow may form the basis of liability, provided that the creation or placement of such piles was negligent. In the present case, plaintiff established she slipped on an unnaturally created pile of snow. However, for reasons described in part III of this order, we find that she did not establish any negligence on the part of the City.

## II. DID THE TRIAL COURT ERR IN REJECTING THE CITY'S PROFFERED JURY INSTRUCTIONS?

■ The City contends that the trial court committed reversible error when it rejected the City's jury instructions Nos. 2 and 3. Both of the refused instructions followed the format of Illinois Pattern Jury Instructions, Civil, No. 60.01 (3d ed. 1989) (hereinafter IPI Civil 3d No. 60.01). The City's instruction No. 2 read:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

'A [city] *** shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measure to remedy or protect against such condition.' [745 ILCS 10/3—102(a) (West 1992).]

You may consider this together with all the other facts and circumstances and evidence in determining whether and to what extent, if any, a party was negligent before and at the time of the occurrence."

Instruction No. 3 was substantially identical, except it quoted from section 3—105(a) of the Act.

The trial court did not err in refusing these instructions. First, we observe that the notes on use indicate that IPI Civil 3d No. 60.01 "should be given only where the evidence would support a finding that the injury complained of was proximately caused by a violation of a statute." (IPI Civil 3d No. 60.01, Notes on Use, at 60-7.) The notes then go on to state that sometimes a defendant's compliance with statutory standards is relevant to show that a defendant was not negligent. (IPI Civil 3d No. 60.01, Notes on Use, at 60-8.) However, the City did not attempt to show it complied with any statutory stan-

dards for snow removal. The City's use of IPI Civil 3d No. 60.01 is awkward and confusing.

Second, the trial court properly concluded that instruction No. 2 was improper because notice was not at issue. The City's own evidence established that the City created and knew about the condition that caused plaintiff's injury.

Third, the court properly rejected the City's instruction No. 3, which stated that by statute a City is not liable for "the effect of weather conditions," excluding "physical damage to or deterioration of streets *** [or] sidewalks *** resulting from weather conditions." It would have been redundant to instruct the jury both that the City was not liable for natural accumulations of snow *and* the "effect of" snow. Moreover, whether the City's sidewalk and street had been damaged or deteriorated was not at issue in this case. See *Dziewatkowski v. City of Chicago* (1969), 109 Ill. App. 2d 405, 414, 248 N.E.2d 734, 739 (it was error to instruct the jury that the City was " 'not an insurer against injuries received by reason of defects in its streets or sidewalks' " (emphasis omitted), where plaintiff alleged his injury was caused by slippery clay upon the sidewalk).

## III. WAS THE JURY'S VERDICT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE?

The City asserts that the jury's verdict was against the manifest weight of the evidence. We agree. Although the evidence was sufficient to establish that the City created an unnatural accumulation of snow and that plaintiff's injuries would not have occurred without this unnatural accumulation, the evidence does not establish that the City breached its duty of ordinary care.

The City created a small, but easily visible, mound of snow on the curb as a side effect of its street- and sidewalk-clearing efforts. There was nothing unusual about the size or placement of this mound. Snow cleared from pathways must be placed somewhere. Elsewhere, the City took the extraordinary measure of collecting snow from curbside and depositing it in the park. However, the mere fact that the City failed to use extraordinary measures everywhere does not mean it failed to use ordinary care here. Nor is the fact the City cleared the curb subsequent to plaintiff's fall evidence of the City's negligence. Evidence of subsequent remedial measures is not admissible to prove negligence, partly because subsequent carefulness does not imply prior culpable conduct. *Schaffner v. Chicago & North Western Transportation Co.* (1989), 129 Ill. 2d 1, 14, 541 N.E.2d 643, 647-48.

Factors to be considered when determining whether a legal duty

exists include "the likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant." (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 140-41, 554 N.E.2d 223, 226-27.) Requiring prompt cleanup of all snow plowed curbside would place an enormous burden on cities, and such a duty would have the consequence of discouraging snow removal. We hold Illinois law imposes no such duty. The record is devoid of any evidence that the City breached its duty of ordinary care. Accordingly, the judgment must be reversed.

For the foregoing reasons, the judgment of the circuit court of Macoupin County is reversed.

Reversed.

KNECHT, P.J., and STEIGMANN, J., concur.