ROSE MARTELLO, Plaintiff-Appellant, v. CENTURY SUPPLY COMPANY, Defendant-Appellee.

First District (1st Division)   No. 86—3135

Opinion filed November 16, 1987.

Harry J. Director, of Chicago, for appellant.

Law Offices of John M. Barnes, of Chicago (Steven M. Tefft, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Rose Martello, appeals from the dismissal of her amended complaint filed against defendant, Century Supply Company,

alleging negligence and seeking damages for injuries allegedly incurred as the result of defendant's refusal to deliver a shipment of tile to the second floor of plaintiff's son's apartment building. The sole issue on appeal is whether the trial court erred in dismissing plaintiff's amended complaint on the grounds that "reasonable people could disagree that [carrying the tile] was not the proximate cause of her injury." For the following reasons, we affirm the judgment of the circuit court.

The pleadings indicate that sometime prior to March 2, 1984, Frank Martello, plaintiff's son, ordered a quantity of tile from defendant and paid a fee for defendant to deliver the tile to his second-floor apartment residence. On March 2, 1984, plaintiff, age 55, was at Frank's residence to accept delivery of the tile. Instead of delivering the tile to the second floor, defendant delivered it to the first-floor level. Plaintiff then carried the tile up to the second-floor apartment by herself. As a result of the lifting and carrying, plaintiff claims that she developed severe abdominal pains and other symptoms which necessitated that she undergo an exploratory laparotomy and appendectomy.

Thereafter, on February 26, 1986, plaintiff filed her complaint against defendant alleging that defendant's refusal to carry the tile to the second floor was the direct and proximate cause of her injuries. On defendant's motion to strike and dismiss for plaintiff's failure to allege any duty owed by defendant to plaintiff, the trial court dismissed the complaint and granted plaintiff 28 days within which to file an amended complaint.

Plaintiff's amended complaint alleged that: (1) Frank Martello, her son, had purchased the tile from defendant and had paid for delivery of the tile to his second-floor apartment residence; (2) defendant had agreed to deliver the merchandise to the second floor; (3) plaintiff was at Frank's residence to accept delivery from defendant; (4) defendant delivered the tile to the first-floor level of Frank's apartment residence; (5) defendant had a duty to use reasonable care and caution in delivering the tile so as to avoid reasonable foreseeable injury to the plaintiff; (6) defendant breached its duty by failing to deliver the tile to the second floor; and (7) as a proximate result of the breach, plaintiff "was forced" to carry the tile to the second floor and sustained *injuries* when doing so.

Defendant moved to dismiss the amended complaint on the ground that it did not state a duty owed to plaintiff by defendant which is recognized at law, and, thus, did not state a cause of action in negligence. In granting defendant's motion with prejudice, the trial

court "assume[d] for purposes of argument" that defendant had a duty to deliver the tile to the second floor because "she paid extra" for the delivery and also assumed that defendant had breached that duty. The court then dismissed the complaint on the grounds "that reasonable people could disagree that [carrying the tile] was not the proximate cause of her injury." Plaintiff's timely appeal followed.

In order for plaintiff to properly state a cause of action in negligence, she must allege that defendant owed her a duty, that the duty was breached, that she suffered damages, and that the defendant's breach was a proximate cause of the injury. (*Filipetto v. Village of Wilmette* (1985), 135 Ill. App. 3d 781, 482 N.E.2d 358.) The issue of duty is a question of law to be decided by the trial court and encompasses the questions of foreseeability of the injury, the magnitude of the burden of guarding against the injury, the consequences of placing that burden upon defendant (*Morgan v. Dalton Management Co.* (1983), 117 Ill. App. 3d 815, 454 N.E.2d 57), and whether the relationship between defendant and plaintiff imposes a legal obligation upon defendant to act with reasonable care toward plaintiff. (*Holubek v. City of Chicago* (1986), 146 Ill. App. 3d 815, 497 N.E.2d 348; see *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507.) In analyzing the question of foreseeability, there must have been more than the mere possibility of injury. Instead, the incident must have been reasonably foreseeable by a prudent person. (*Morgan v. Dalton Management Co.* (1983), 117 Ill. App. 3d 815, 454 N.E.2d 57.) Further, when a defendant is charged with negligence because of his failure to perform an act allegedly required by an agreement, the question of whether defendant had a duty to perform the act is to be determined from the terms of the agreement and will not be extended. *Holubek v. City of Chicago* (1986), 146 Ill. App. 3d 815, 497 N.E.2d 348.

In the present case, the trial court apparently based its "assumption" that defendant had a duty to plaintiff on the alleged verbal agreement between plaintiff's son and defendant that the tile would be delivered to the son's second-floor apartment. In making this assumption, the court mistakenly stated that plaintiff had paid extra for the delivery. However, the purchase of the tile and the payment of delivery charges were made by plaintiff's son, not by plaintiff. Plaintiff had simply agreed to accept delivery for her son in the son's absence. The pleading does not indicate any circumstances from which defendant could have reasonably anticipated that plaintiff, not her son, would accept delivery or that plaintiff would have carried the tile to the second floor by herself. As stated, the mere possibility that she

might do so is not sufficient to impose a duty on defendant. (*Morgan v. Dalton Management Co.* (1983), 117 Ill. App. 3d 815, 454 N.E.2d 57.) Further, the duty which arose out of the agreement imposed a legal obligation on defendant toward plaintiff's son, not to plaintiff. (*Holubek v. City of Chicago* (1986), 146 Ill. App. 3d 815, 497 N.E.2d 348.) Accordingly, contrary to the trial court's assumption of duty, we find that plaintiff has failed to allege the existence of a duty from defendant to her, an essential element to a cause of action in negligence. However, although we disagree with the trial court's grounds for granting defendant's motion to dismiss, we conclude that the dismissal of plaintiff's complaint was proper. Our decision with respect to plaintiff's failure to allege a legal duty obviates the need to address the issue of proximate cause.

For the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

QUINLAN, P.J., and MANNING, J., concur.