ALICE ROBINSON, Plaintiff-Appellant, v. THE SUITERY, LTD., Defendant-Appellee.

First District (4th Division)   No. 87—3526

Opinion filed June 30, 1988.

Michael H. Postilion, of Chicago, for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, Stephen T. Mikus, and Christine L. Olson, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:
Plaintiff, Alice Robinson, brought this personal injury action

against defendant, The Suitery, Ltd., after she injured her hand on glass that she contends was negligently disposed of in a commercial waste receptacle. The trial court granted defendant's motion for summary judgment on the ground that The Suitery did not owe her a legal duty in connection with disposal of waste materials.

On appeal, Robinson contends that the trial court erred because the facts support her theory that The Suitery owed her a duty of reasonable care in disposing of the fluorescent tubes since her injury was foreseeable, the cost of preventing such an occurrence was negligible, and the burden on defendant to prevent it was slight.

We affirm.

BACKGROUND

Robinson was working at a mini-mall in Matteson, Illinois, on the day she was injured, November 15, 1982. She cut her hand on glass as she attempted to dispose of a bag of trash in one of two large commercial dumpsters that were used by all of the mini-mall's tenants.

Earlier, an employee of The Suitery, Terry O'Halloran, had disposed of several long fluorescent tubes. Because one of the dumpsters was nearly full, O'Halloran opened the lid of the second and attempted to put the glass tubes inside. A portion of the tubes protruded from the dumpster, so O'Halloran broke them off by shutting the close-fitting lid. According to plaintiff, this caused glass to spray over onto the adjoining dumpster, which was filled to the top. Because of Robinson's short stature, she had to raise her arm to reach the top of the full dumpster, and when she moved some boxes that she claimed The Suitery had left there, her thumb was speared by a shard of the fluorescent glass, causing nerve damage.

In essence, The Suitery's motion for summary judgment claimed that it did not owe Robinson a duty because the glass tubes were deposited where they should have been, in the garbage dumpster. Plaintiff, on the other hand, argued that the specific circumstances involved gave rise to a duty of reasonable care because The Suitery could foresee that its actions might cause injury. In addition, she contended that policy reasons support the imposition of a duty in this case. The trial court agreed with defendant.

OPINION

■ Duty is a question of law to be determined by the court. It encompasses legal and social policies, including the foreseeability of the injury, the magnitude of the burden of guarding against such injury, and the consequences of placing that burden on the defendant.

(*E.g., Martello v. Century Supply Co.* (1987), 163 Ill. App. 3d 521, 516 N.E.2d 763.) The facts of a particular case are germane to this determination, because the existence of a duty depends on "[w]hether under the facts of the case such a relationship exists between two parties as to require that a legal obligation be imposed upon one for the benefit of another." *Barnes v. Washington* (1973), 56 Ill. 2d 22, 26, 305 N.E.2d 535, 538.

The dumpsters were situated inside of a cyclone fence with an opening on one side. There was not enough room between the fence and dumpsters to walk around the receptacles or for the hinged lids to fall flat against the sides. The two dumpsters were butted against each other on one side so that the ends faced Robinson as she entered the opening in the fence. The tops of the dumpsters were about an inch above Robinson's eye level, preventing her from looking down into the dumpsters. She could not lift the lids of the dumpsters because they were too heavy.

Robinson points to several facts that she says created a duty on her behalf. First, O'Halloran piled boxes and other garbage in the dumpster on the right. He then put the fluorescent tubes in the empty dumpster on the left, but since they would not fit in cross corner, he pushed the lid down to break off the protruding ends of the tubes. He failed to look for or clean up the glass that broke off. When Robinson approached the two dumpsters, the one on the left was closed. She therefore had to use the one on the right. She had to move some boxes out of the way so she could dispose of her own trash. When she did so, the glass that broke off from the other dumpster impaled her thumb. After she informed The Suitery personnel of her accident, they went out to clean up the glass.

According to Robinson's theory, The Suitery's employee did not dispose of the glass with reasonable care. He negligently broke off the tubes in a manner that caused shards of glass "to scatter over to the dumpster on the right which he had already over-filled with Suitery boxes." O'Halloran should have known and did realize that "an improper method of disposing of these glass tubes would create a hazard to others." Moreover, to impose a duty on him would not be burdensome.

■ While Robinson's arguments are not entirely without merit, we are not persuaded to create a duty based on negligent disposal of garbage in a commercial dumpster. The material facts are whether the glass ended up where it was supposed to be, in the dumpster, and whether subsequent users of the receptacle could dispose of their trash without being endangered by an unreasonably hazardous condition

(one that is not of the type normally associated with dumpsters). In this case, there is no disputed issue of material fact as to the location of the glass shards. Robinson cut her hand on glass that lay on or at the top of the garbage in the right dumpster.[1] Hence, the fact that the glass in question ended up in the dumpster obviates Robinson's contention that the manner in which it got there was negligent.

The second part of the analysis centers on whether The Suitery's disposal of the glass created an unreasonably hazardous condition that foreseeably caused Robinson's injury and how public policy considerations affect the duty question. In one sense, any time sharp objects, containers containing toxic substances, or other harmful items are thrown away, it is "foreseeable" that someone else will be injured if he comes in contact with it. Logical foreseeability and legal foreseeability, however, are not always coexistent. (See *Mieher v. Brown* (1973), 54 Ill. 2d 539, 544, 301 N.E.2d 307, 309 ("In a sense, in retrospect almost nothing is entirely unforeseeable").) Moreover, foreseeability is only one element in the determination of duty. (*E.g., Zimmerman v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 1050, 462 N.E.2d 502, 508 (Foreseeability of harm "does not enter into the process" of critical inquiry "into the true basis of duty").) The courts generally focus on public policy considerations when it comes to ascertaining whether a duty exists in a given situation. *Zimmerman v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 462 N.E.2d 502.

To find a duty to dispose of garbage in a safe manner may require that all objects, even tin cans, be wrapped up before being carefully placed in a receptacle. Pressurized metal cans, presumably, should not be put in waste receptacles at all. Broken glass that is swept up and put in a plastic garbage bag would have to be further insulated with additional wrappings to ensure that the glass would not cut through the plastic.

While such practices may be desirable as a general proposition, we do not believe that the law requires such extraordinary care in waste disposal. As a matter of common sense, people are presumed to know that dumpsters and other garbage receptacles may contain potentially harmful items with jagged or broken edges inside. To require that all who dispose of garbage take measures to wrap it securely is to impose a burden that we find inappropriate; we would be thereby creating

---

[1]Whether or not the boxes that supposedly "over filled" the dumpster belonged to The Suitery is irrelevant because anyone else who used the receptacle could have just as easily been the party who overfilled it. We find no particular duty that arises out of the filling or overfilling of garbage receptacles.

causes of action for all who are injured by items that are discarded in the normal manner of placing them in garbage cans.

In the instant case, both parties were tenants who used the commercial dumpsters provided by the management of the mall. Had The Suitery broken the fluorescent tubes inside of its building and then thrown away the glass, Robinson could just as easily have been injured when she reached into the dumpster to move the boxes to one side. We do not believe that The Suitery is responsible for her inability to see down into the dumpster because of her height or the fact that she shifted garbage to make room for her trash.

We are not precluding the possibility that a cause of action may exist in other circumstances involving the disposal of harmful materials. Obviously, one could not escape liability if he put a hand grenade or loaded gun into a garbage receptacle and someone was injured as a result. Similarly, special precautions are appropriate for the disposal of radioactive waste. What the instant case involves, however, is the type of risk normally associated with garbage dumpsters. Discarded broken glass is simply not an extraordinary or unforeseeable hazard for which liability should be imposed.

For the foregoing reasons, we affirm the judgment of the trial court, finding no duty on the part of The Suitery.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.